UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KENNETH WAYNE LEWIS,
    Petitioner,

v.                                 CIVIL ACTION NO. 19-10375-MBB

LT. TAYLOR, et al.,
    Respondents.

## ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

May 8, 2019

BOWLER, M.J.

    *Pro se* petitioner Kenneth Wayne Lewis is in custody at FMC Devens, Massachusetts. For the reasons set forth below, this Court grants Lewis' motion for leave to proceed *in forma pauperis*, orders the Clerk's Office to reassign the case to a District Judge and recommends that the District Judge construe this action pursuant to 28 U.S.C. § 2241, and dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

I.    RELEVANT BACKGROUND

    On February 28, 2019, Kenneth Wayne Lewis ("Lewis"), a prisoner confined at FMC Devens, initiated this action by filing a *pro se* pleading that was entered on the docket as a complaint.  See Docket No. 1.  Lewis is currently serving a prison sentence as a result of a conviction in the Central District of Illinois.  See *United States v. Lewis*, CR. No. 12-10082 (C.D. Ill.  Aug. 22, 2016).  A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that Lewis has filed lawsuits in several district and appellate courts, and has raised similar claims regarding his sentence.[1]

---

[1] *Lewis v. Sessions, et al.*, C.A. No. 17-3668 (D. N.J. Aug. 17, 2017) (dismissing § 2241 habeas petition); *Lewis v. Lewis, et al.*, C.A. No. 17-0330 (D. N.J. May 19, 2017) (dismissing § 2241 habeas petition), ; *Lewis v. Lynch, et al.*, C.A. No. 16-7528 (D. N.J. Dec. 13, 2016) (dismissing § 2241 habeas petition);  *Lewis v. Dep't of Justice, et al.*, C.A.

Lewis' six-page pleading is handwritten and single spaced. *See* Docket No. 1. It does not contain a case caption and the first sentence references both habeas corpus ("Section 2241") and commercial law ("CUSIP"). *Id.* at p. 1. Lewis states that "as a United States citizen [he] has the right to challenge his false imprisonment in the Bureau of Prisons, especially at FMC Devens. *Id.* Lewis states that "this is not a challenge to [Lewis'] conviction or his sentence but [a challenge to the] validity of the execution of [Lewis'] sentence- commencing from June 20, 2012." *Id.*

Among other things, Lewis complains that on January 29, 2019, Lt. Taylor at FMC Devens ordered Lewis to be placed in Unit N-1, the Special Housing Unit ("SHU"). *Id.* at p. 2. Lewis makes several references to his 2012 conviction and states that he "has never been a federal inmate – or identified as the accused on July 12, 2012." *Id.* at p. 3. For relief, Lewis seeks (1) monetary damages for his alleged false imprisonment; (2) copies of documents to be presented to Magistrate Judge Kelley and AUSA Cynthia Young; (3) entry of a default judgment against the Bureau of Prisons because a "commercial lien has been issued under the Privacy Act;" (4) the return of his property from a storage unit, including his cell phones, brief case and lap-top computers; and (5) "this registration due to false imprisonment and expected <u>losses</u>." *Id.* at p. 6.

With the pleading, Lewis filed two affidavits and a motion for leave to proceed *in forma pauperis*. *See* Docket Nos. 2 - 4.

---

No. 18-1611 (D.D.C. July 30, 2018) (dismissing complaint for failing to meet minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure); *Lewis v. Murphy*, C.A. No. 14-1114 (C.D. Ill. Nov. 12, 2014) (dismissing complaint against federal prosecutors and agents alleging *Brady* violations during Lewis' criminal trial); *Lewis v. Shadid*, C.A. No. 14-1115 (C.D. Ill. Apr. 1, 2014) (dismissing complaint against federal judge based on judicial actions during Lewis' criminal trial), appeal dismissed, No. 14-2355 (7th Cir. Oct. 28, 2014) (notice of appeal filed two days late).

II.     PRELIMINARY REVIEW

The court treats Lewis' pleading as a habeas petition because he references 28 U.S.C. § 2241 and alleges that he is falsely imprisoned. The rules governing Section 2254 cases may be applied at the discretion of the district court to other types of habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Proceedings; *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4 of the Rules Governing Section 2254 Proceedings, the Court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).

In considering whether Lewis' petition clears this hurdle, the Court liberally construes his petition because he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The function of habeas corpus is to secure release from illegal custody. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Therefore, this Court is only permitted to "entertain an application for a writ of habeas corpus ... on the ground that [Lewis] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To the extent Lewis seeks monetary damages, such relief must be sought in a separate civil action. *See e.g. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (allowing plaintiffs to sue a federal officer for civil rights violations under color of federal law).

III.    DISCUSSION

        A.    Lewis' Challenge to His Conviction and/or Sentence

The District of Massachusetts lacks jurisdiction over any challenge by Lewis to the conviction and sentence he received in the United States District Court for the Central District of Illinois. Habeas corpus relief pursuant to 28 U.S.C. § 2255 requires Lewis to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (a). Because this is not the convicting court, this Court is without jurisdiction to review such claim. *See* Rules Governing Section 2255 Proceedings, Rule 1, 2(d) (§ 2255 claims must be brought in separate motion filed in the court whose judgment of conviction the petitioner wishes to challenge). A limited exception to this rule is found in the "savings clause" of § 2255(e), which permits a federal court in the district of incarceration to entertain a § 2241 habeas petition challenging the validity of a conviction or sentence only if the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Here, Lewis contends that he has never been a federal inmate and, in fact, denies that in 2012 he was convicted in the Central District of Illinois. It is clear that Lewis has not demonstrated that Section 2255 is an inadequate or ineffective remedy and he is not entitled to application of the savings clause.

        B.    Lewis' Challenge to Placement in the N-1 Mental Health Unit

In addition to challenging his 2012 conviction, Lewis challenges his placement in the "N-1" Unit. FMC Devens is a federal medical facility that primarily houses individuals serving federally-imposed criminal sentences who require substantial medical care and also houses a smaller number of civilly committed patients. *Garcia v. Spaulding*, No. 08-40017-DPW, 324

4

F.Supp.3d 228, 230 (D. Mass. 2018).  At FMC Devens, "the Mental Health Unit [is] known as the N-Building."  *Id.*

The Court will not construe Lewis' pleading as a habeas challenge to the execution of his sentence because any change in Lewis' placement would not change the fact or duration of his confinement.  Lewis' challenge to his placement in the N-1 Unit is more appropriately brought in a civil rights complaint pursuant to *Bivens*, 403 U.S. 388 (1971).  A civil rights action is appropriate if a plaintiff seeks "a different program or location or environment ... even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks."  *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [nonhabeas action]."  *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Allen v. McCurry*, 449 U.S. 90, 104 (1980) ("[T]he purpose of [the writ of habeas corpus] is not to redress civil injury, but to release the applicant from unlawful physical confinement.").  Thus, any claim under Section 2241 is subject to dismissal.

IV.   ORDER

For the foregoing reasons, this Court grants Lewis' motion for leave to proceed *in forma pauperis* and orders the Clerk's Office to reassign this action to a District Judge for further proceedings.

V.   RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge construe this action pursuant to 28 U.S.C. § 2241 and dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

VI.   REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

SO ORDERED.

      /s/ Marianne B. Bowler
Marianne B. Bowler
United States Magistrate Judge